B 1 (Official Form 1) (1/08)

| United States Bankruptcy Court<br>**District of Delaware** | **Voluntary Petition** |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>Interlake Material Handling, Inc. | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all):<br>36-4169435 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br>1230 E. Diehl Road, Suite 400<br>Naperville, IL<br>ZIP CODE 60563 | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>DuPage County, Illinois | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>701 Interlake Drive, Pontiac, Illinois<br>ZIP CODE 61764 | |

| Type of Debtor<br>(Form of Organization)<br>(Check one box.) | Nature of Business<br>(Check one box.) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box.) |
|---|---|---|
| ☐ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☑ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)<br>_____ | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☑ Other | ☐ Chapter 7      ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding<br>☐ Chapter 9<br>☑ Chapter 11<br>☐ Chapter 12      ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding<br>☐ Chapter 13 |
| | **Tax-Exempt Entity**<br>(Check box, if applicable.)<br>☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code). | **Nature of Debts**<br>(Check one box.)<br>☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."     ☑ Debts are primarily business debts. |

| Filing Fee (Check one box.) | Chapter 11 Debtors |
|---|---|
| ☑ Full Filing Fee attached.<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☑ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,190,000.<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -<br>Check all applicable boxes:<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

| Statistical/Administrative Information | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☑ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors

| ☐ 1-49 | ☐ 50-99 | ☐ 100-199 | ☐ 200-999 | ☑ 1,000-5,000 | ☐ 5,001-10,000 | ☐ 10,001-25,000 | ☐ 25,001-50,000 | ☐ 50,001-100,000 | ☐ Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|

Estimated Assets

| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☐ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☐ $10,000,001 to $50 million | ☑ $50,000,001 to $100 million | ☐ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☐ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

Estimated Liabilities

| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☐ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☐ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☑ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☐ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

| **Voluntary Petition**<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s):<br>Interlake Material Handling, Inc. | |
|---|---|---|

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) | | |
|---|---|---|
| Location<br>Where Filed: | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.) | | |
|---|---|---|
| Name of Debtor:  See the Attached Exhibit 1 | Case Number: | Date Filed: |
| District:            District of Delaware | Relationship: | Judge: |

| **Exhibit A**<br><br>(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐     Exhibit A is attached and made a part of this petition. | **Exhibit B**<br>(To be completed if debtor is an individual<br>whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.  I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>X _____<br>    Signature of Attorney for Debtor(s)        (Date) |
|---|---|

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐     Yes, and Exhibit C is attached and made a part of this petition.

☑     No.

---

**Exhibit D**

(To be completed by every individual debtor.  If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐     Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐     Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

---

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☑     Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐     There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐     Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

---

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐     Landlord has a judgment against the debtor for possession of debtor's residence.  (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐     Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐     Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐     Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

| Voluntary Petition | Name of Debtor(s): Interlake Material Handling, Inc. |
| *(This page must be completed and filed in every case.)* | |

### Signatures

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
   Signature of Debtor

X _____
   Signature of Joint Debtor

_____
Telephone Number (if not represented by attorney)

_____
Date

**Signature of a Foreign Representative**

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only **one** box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
(Signature of Foreign Representative)

_____
(Printed Name of Foreign Representative)

_____
Date

---

**Signature of Attorney***

X _~signature~_
Signature of Attorney for Debtor(s)
M. Blake Cleary (No. 3614)
Printed Name of Attorney for Debtor(s)
Young Conaway Stargatt & Taylor, LLP
Firm Name
The Brandywine Building
Address
1000 West Street, 17th Floor
Wilmington, DE 19801
302-571-6600
Telephone Number
January 5, 2009
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

**Signature of Non-Attorney Bankruptcy Petition Preparer**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankruptcy petition preparer is not an individual state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____
Address

X _____

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

---

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _~signature~_
Signature of Authorized Individual
Jacqueline M. Barry
Printed Name of Authorized Individual
Chief Financial Officer
Title of Authorized Individual
January 5, 2009
Date

# EXHIBIT 1 TO VOLUNTARY PETITION

## AFFILIATED ENTITIES

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case) filed in this Court a petition for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 et seq. Contemporaneously with the filings of these petitions, such entities filed a motion requesting joint administration of their chapter 11 cases.

Interlake Material Handling, Inc.

United Fixtures Company, Inc., f/k/a National Store Fixtures, J&D Associates, and Retail Service Solutions

Conco-Tellus, Inc.

UFC Interlake Holding Co.

# JOINT WRITTEN CONSENT
## OF THE BOARD OF DIRECTORS OF
## UFC INTERLAKE HOLDING CO.,
## UNITED FIXTURES COMPANY, INC.,
## INTERLAKE MATERIAL HANDLING, INC.
### and
## `CONCO-TELLUS INC.

The undersigned, being all the members of the boards of directors for each of UFC Interlake Holding Co., a Delaware corporation (the "UFI"), United Fixtures Company, Inc., a Delaware corporation ("UFC"), Interlake Material Handling, Inc., a Delaware corporation ("Interlake"), and Conco-Tellus Inc., a Delaware corporation ("Conco", and collectively with the UFI, UFC and Interlake, the "UFI Companies"), hereby consent to the following actions and adopt the following resolutions by joint written consent pursuant to Section 141(f) of the General Corporation Law of the State of Delaware, effective as of December ___, 2008:

WHEREAS, the members of the board of each of the UFI Companies are John A. Hatherly, Richard Renaud, John Veleris and Jon D. Kleinke, and the boards of directors of the UFI Companies are collectively referred to as the "Boards";

## AUTHORIZATION OF ACQUISITION AGREEMENT

WHEREAS, there has been presented to the Boards prior to the date hereof, that certain Acquisition Agreement (the "Purchase Agreement"), by and among the UFI Companies and an affiliate of Mecalux, S.A. (the "Purchaser") pursuant to which, among other things, the UFI Companies will sale the business and certain assets of the UFI Companies to the Purchaser (the "Asset Sale");

## AUTHORIZATION OF THE TRANSFER OF J&D ASSOCIATES AND RETAIL SERVICES SOLUTIONS TO WHOLLY-OWNED SUBSIDIARY OF UNITED FIXTURES COMPANY, INC.

WHEREAS, there has been presented to the board of directors of UFC prior to the date hereof, that certain Contribution Agreement (the "Contribution Agreement"), by and between UFC and J&D Company, LLC, a Delaware limited liability company and wholly-owned subsidiary of UFC ("J&D"), pursuant to which, among other things, UFC will contribute and assign the business and certain related assets of J&D Associates and Retail Service Solutions to J&D (the "Transfer");

## AUTHORIZATION OF THE FILING OF A PETITION FOR RELIEF UNDER CHAPTER 11

WHEREAS, the Boards has reviewed the materials presented by the management and the advisors of the UFI Companies regarding the liabilities and liquidity situation of the UFI Companies, the strategic alternatives available to it, and the impact of the foregoing on the UFI Companies' businesses; and

WHEREAS, the Boards has had the opportunity to consult with the management and the advisors of the UFI Companies and fully consider each of the strategic alternatives available to the UFI Companies.

NOW, THEREFORE, BE IT:

## AUTHORIZATION OF ACQUISITION AGREEMENT

RESOLVED, that the Boards hereby determine that the Asset Sale and the other transactions contemplated by the Purchase Agreement are advisable and in the best interests of the UFI Companies and their respective stockholders, and hereby authorize and approve in all respects the consummation of the Asset Sale and the other transactions contemplated by the Purchase Agreement and authorizes, approves, ratifies and adopts the Purchase Agreement in all respects;

FURTHER RESOLVED, that the Chairman of each of the Boards (the "Chairman") and any officer designated by the Chairman (a "Designated Officer", and together with the Chairman, the "Authorized Officers", and individually, an "Authorized Officer") be, and each of them hereby is, authorized, empowered and directed, in the name and on behalf of the UFI Companies, to execute and deliver the Purchase Agreement and any related documents in such form as the Authorized Officers executing the same may approve, the execution thereof by any such Authorized Officer conclusively to evidence the due authorization thereof by the Boards;

FURTHER RESOLVED, that each Authorized Officer be, and each of them hereby is, authorized, empowered and directed, in the name and on behalf of the UFI Companies, to take all such further actions and to do all such things, including, without limitation, paying all such fees and expenses, and arranging for, entering into, executing and delivering all further agreements, instruments, documents, certificates, modifications, amendments and supplements relating to the Purchase Agreement and related documents or the obligations contemplated thereunder, which shall in such Authorized Officer's sole judgment be necessary, proper or advisable in order to enter into the Purchase Agreement or the related documents or to consummate the Asset Sale and the other transactions contemplated by the Purchase Agreement or to carry out fully these resolutions;

## AUTHORIZATION OF THE TRANSFER OF J&D ASSOCIATES AND RETAIL SERVICES SOLUTIONS TO WHOLLY-OWNED SUBSIDIARY OF UNITED FIXTURES COMPANY, INC.

RESOLVED, that the board of directors of UFC (the "UFC Board") hereby determine that the Transfer and the other transactions contemplated by the Contribution Agreement are advisable and in the best interests of UFC and its stockholder, and hereby authorize and approve in all respects the consummation of the Transfer and the other transactions contemplated by the Contribution Agreement and authorizes, approves, ratifies and adopts the Contribution Agreement in all respects;

FURTHER RESOLVED, that the Authorized Officers be, and each of them hereby is, authorized, empowered and directed, in the name and on behalf of UFC, to execute and deliver the Contribution Agreement and any related documents in such form as the Authorized Officers executing the same may approve, the execution thereof by any such Authorized Officer conclusively to evidence the due authorization thereof by the UFC Board;

FURTHER RESOLVED, that each Authorized Officer be, and each of them hereby is, authorized, empowered and directed, in the name and on behalf of UFC, to take all such further actions and to do all such things, including, without limitation, paying all such fees and expenses, and arranging for, entering into, executing and delivering all further agreements, instruments, documents, certificates, modifications, amendments and supplements relating to the Contribution Agreement and related documents or the obligations contemplated thereunder, which shall in such Authorized Officer's sole judgment be necessary, proper or advisable in order to enter into the Contribution Agreement or the related documents or to consummate the Transfer and the other transactions contemplated by the Contribution Agreement or to carry out fully these resolutions;

## AUTHORIZATION OF THE FILING OF A PETITION FOR RELIEF UNDER CHAPTER 11

RESOLVED, that in the judgment of the Boards, it is desirable and in the best interests of the UFI Companies, its creditors and other parties in interest, that the UFI Companies file or cause to be filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (11 U.S.C. §§ 101 *et seq*., the "Bankruptcy Code");

FURTHER RESOLVED, that each of the Authorized Officers, be, and hereby is, authorized and empowered to execute and file on behalf of the UFI Companies in the United States Bankruptcy Court for the District of Delaware, or other such United States Bankruptcy Court as shall be decided upon by the Boards, all petitions, schedules, lists, motions, applications, pleadings and other papers or documents necessary to commence a case on behalf of the UFI Companies under chapter 11 of the Bankruptcy Code (the "Case"), and to take any and all further acts and deeds that he, she or the Boards deems necessary, proper and desirable in connection with the Case, with a view to the successful prosecution of the Case;

FURTHER RESOLVED, that each of the Authorized Officers be, and hereby is, authorized and directed to employ the law firm of Winston & Strawn LLP as general bankruptcy counsel to represent and assist the UFI Companies in carrying out the UFI Companies' duties under the Bankruptcy Code, and to take any and all actions to advance the UFI Companies' rights and obligations in connection with the Case; and in connection therewith, each of the Authorized Officers is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Case, and cause to be filed an appropriate application for authority to retain the services of Winston & Strawn LLP;

FURTHER RESOLVED, that each of the Authorized Officers be, and hereby is, authorized and directed to employ the law firm of Young Conaway Stargatt & Taylor, LLP as local bankruptcy and conflicts counsel to represent and assist the UFI Companies in carrying out the UFI Companies' duties under the Bankruptcy Code, and to take any and all actions to advance the UFI Companies' rights and obligations in connection with the Case; and in connection therewith, each of the Authorized Officers is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Case, and cause to be filed an appropriate application for authority to retain the services of Young Conaway Stargatt & Taylor, LLP;

FURTHER RESOLVED, that each of the Authorized Officers be, and hereby is, authorized and directed to employ the firm of Lake Pointe Advisors, LLC as financial advisor to represent and assist the UFI Companies in carrying out the UFI Companies' duties under the Bankruptcy Code, and to take any and all actions to advance the UFI Companies' rights and obligations in connection with the Case; and in connection therewith, each of the Authorized Officers is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Case, and cause to be filed an appropriate application for authority to retain the services of Lake Pointe Advisors, LLC;

FURTHER RESOLVED, that each of the Authorized Officers be, and they hereby is, authorized and directed to employ the firm of Kurtzman Carson Consultants LLC as noticing, claims and balloting agent to represent and assist the UFI Companies in carrying out the UFI Companies' duties under the Bankruptcy Code, and to take any and all actions to advance the UFI Companies' rights and obligations in connection with the Case; and in connection therewith, each of the Authorized Officers is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Case, and cause to be filed an appropriate application for authority to retain the services of Kurtzman Carson Consultants LLC;

FURTHER RESOLVED, that each of the Authorized Officers be, and hereby is, authorized and directed to employ any other professionals, including, without limitation, Huron Consulting Services LLC, to assist the UFI Companies in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the UFI Companies' rights and obligations in connection with the Case; and in connection therewith, each of the Authorized Officers is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to or immediately upon the filing of the Case, and cause to be filed an appropriate application for authority to retain the services of any such other professionals;

GENERAL AUTHORIZATION

FURTHER RESOLVED, that the Boards hereby authorize, empower and direct each of the Authorized Officers, on behalf of the UFI Companies and in their names, to execute and deliver, or cause to be executed and delivered, any and all

agreements, amendments, supplements, certificates, reports, applications, notices, letters or other documents, as the Authorized Officers, with the advice of counsel, may approve, and to do or cause to be done any and all such other acts and things as, in the opinion of the Authorized Officers, may be necessary, appropriate or desirable in order to enable the UFI Companies fully and promptly to carry out the purposes and intent of the foregoing resolutions and any such action taken or any agreement, amendment, certificate, report, application, notice, filing, letter or other document executed and delivered by them or any of them in connection with any such action shall be conclusive evidence of their or his authority to take, execute and deliver the same;

FURTHER RESOLVED, that the Boards hereby authorize, empower and direct each of the Authorized Officers, on behalf of the UFI Companies and in their names, and under their seals or otherwise, to take all such further actions and to do all such things, including, without limitation, paying all such fees and expenses, and arranging for, entering into, executing and delivering all further agreements, instruments, documents, certificates, modifications, amendments, and supplements relating to the foregoing resolutions or the obligations contemplated thereunder, which shall in such officer's sole judgment be necessary, proper or advisable in order to carry out fully these resolutions;

FURTHER RESOLVED, that all actions heretofore taken by each of the Authorized Officers or any representatives or agents of the UFI Companies or any of their affiliates in connection with the foregoing resolutions be, and are hereby ratified, confirmed and approved in all respects as the acts and deeds of the UFI Companies;

FURTHER RESOLVED, that the Boards hereby authorize, empower and direct each of the Authorized Officers, on behalf of the UFI Companies and in their name, to take such actions as they deem necessary or desirable in order to make the foregoing resolutions fully effective; and

FURTHER RESOLVED, that all the acts of the Authorized Officers as set forth above, which acts would have been authorized by the foregoing resolutions except that such acts were taken prior to the adoption of such resolutions, are hereby severally ratified, confirmed and approved.

[signature page follows]

**IN WITNESS WHEREOF**, the undersigned, being all of the directors of each of the UFI Companies, have executed this Joint Written Consent, it being confirmed by each director that this Joint Written Consent may be executed in counterparts, all of which taken together shall constitute a single instrument, and may be delivered to the UFI Companies by facsimile or electronic transmission, with such facsimile to be considered final and effective.

_____
John A. Hatherly

_____
Richard Renaud

_____
Jon D. Kleinke

_____
John Velaris

**IN WITNESS WHEREOF**, the undersigned, being all of the directors of each of the UFI Companies, have executed this Joint Written Consent, it being confirmed by each director that this Joint Written Consent may be executed in counterparts, all of which taken together shall constitute a single instrument, and may be delivered to the UFI Companies by facsimile or electronic transmission, with such facsimile to be considered final and effective.

<br>

_____
John A. Hatherly


_____
Richard Renaud


_____
Jon D. Kleinke


_____
John Velaris

**IN WITNESS WHEREOF**, the undersigned, being all of the directors of each of the UFI Companies, have executed this Joint Written Consent, it being confirmed by each director that this Joint Written Consent may be executed in counterparts, all of which taken together shall constitute a single instrument, and may be delivered to the UFI Companies by facsimile or electronic transmission, with such facsimile to be considered final and effective.

_____
John A. Hatherly

_____
Richard Renaud

_____
Jon D. Kleinke

_____
John Velaris

**IN WITNESS WHEREOF**, the undersigned, being all of the directors of each of the UFI Companies, have executed this Joint Written Consent, it being confirmed by each director that this Joint Written Consent may be executed in counterparts, all of which taken together shall constitute a single instrument, and may be delivered to the UFI Companies by facsimile or electronic transmission, with such facsimile to be considered final and effective.

_____
John A. Hatherly

_____
Richard Renand

_____
Jon D. Kleinke

_____
John Veleris

**JOINT WRITTEN CONSENT
OF THE MAJORITY STOCKHOLDERS OF
UFC INTERLAKE HOLDING CO.,
UNITED FIXTURES COMPANY, INC.,
INTERLAKE MATERIAL HANDLING, INC.
and
CONCO-TELLUS INC.**

The undersigned, being the stockholders of each of UFC Interlake Holding Co., a Delaware corporation (the "UFI"), United Fixtures Company, Inc., a Delaware corporation ("UFC"), Interlake Material Handling, Inc., a Delaware corporation ("Interlake"), and Conco-Tellus Inc., a Delaware corporation ("Conco", and collectively with the UFI, UFC and Interlake, the "UFI Companies", and each a "UFI Company") holding a majority of the outstanding voting stock of the applicable UFI Company, hereby consent to the following actions and adopt the following resolutions by joint written consent pursuant to Section 228(a) of the General Corporation Law of the State of Delaware, effective as of December ___, 2008:

WHEREAS, the stockholders of each of the UFI Companies, as set forth on the signature page hereto, are collectively referred to as the "Stockholders";

AUTHORIZATION OF ACQUISITION AGREEMENT

WHEREAS, there has been presented to the Stockholders prior to the date hereof, that certain Acquisition Agreement (the "Purchase Agreement"), by and among the UFI Companies, Mecalux USA, Inc., a Delaware corporation ("Mecalux US") and Mecalux de Mexico S.A. de C.V., a Mexican corporation ("Mecalux MX", and together with Mecalux US, the "Purchasers") pursuant to which, among other things, the UFI Companies will sale the business and certain assets of the UFI Companies to the Purchasers (the "Asset Sale");

AUTHORIZATION OF THE FILING OF A PETITION FOR RELIEF UNDER CHAPTER 11

WHEREAS, the Stockholders have reviewed the materials presented by each of their respective Board, the management and the advisors of the UFI Companies regarding the liabilities and liquidity situation of the UFI Companies, the strategic alternatives available to it, and the impact of the foregoing on the UFI Companies' businesses; and

WHEREAS, the Stockholders have had the opportunity to consult with their respective Boards, the management and the advisors of the UFI Companies and fully consider each of the strategic alternatives available to the UFI Companies;

NOW, THEREFORE, BE IT:

CHI:2193843.2

## AUTHORIZATION OF ACQUISITION AGREEMENT

RESOLVED, that the Stockholders hereby determine that the Asset Sale and the other transactions contemplated by the Purchase Agreement are advisable and in the best interests of the applicable UFI Company, and hereby authorize and approve in all respects the consummation of the Asset Sale and the other transactions contemplated by the Purchase Agreement and authorizes, approves, ratifies and adopts the Purchase Agreement in all respects;

FURTHER RESOLVED, that the Chairman (the "Chairman") of the board of directors of each of the UFI Companies (collectively, the "Boards") and any officer designated by each such Chairman (a "Designated Officer", and together with the Chairman, the "Authorized Officers", and individually, an "Authorized Officer") be, and each of them hereby is, authorized, empowered and directed, in the name and on behalf of the UFI Companies, to execute and deliver the Purchase Agreement and any related documents in such form as the Authorized Officers executing the same may approve, the execution thereof by any such Authorized Officer conclusively to evidence the due authorization thereof by the Boards;

FURTHER RESOLVED, that each Authorized Officer be, and each of them hereby is, authorized, empowered and directed, in the name and on behalf of the UFI Companies, to take all such further actions and to do all such things, including, without limitation, paying all such fees and expenses, and arranging for, entering into, executing and delivering all further agreements, instruments, documents, certificates, modifications, amendments and supplements relating to the Purchase Agreement and related documents or the obligations contemplated thereunder, which shall in such Authorized Officer's sole judgment be necessary, proper or advisable in order to enter into the Purchase Agreement or the related documents or to consummate the Asset Sale and the other transactions contemplated by the Purchase Agreement or to carry out fully these resolutions;

## AUTHORIZATION OF THE FILING OF A PETITION FOR RELIEF UNDER CHAPTER 11

RESOLVED, that in the judgment of the Stockholders, it is desirable and in the best interests of the UFI Companies, its creditors and other parties in interest, that the UFI Companies file or cause to be filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (11 U.S.C. §§ 101 *et seq.*, the "Bankruptcy Code");

FURTHER RESOLVED, that each of the Authorized Officers, be, and hereby is, authorized and empowered to execute and file on behalf of each of the UFI Companies in the United States Bankruptcy Court for the District of Delaware, or other such United States Bankruptcy Court as shall be decided upon by the Boards, all petitions, schedules, lists, motions, applications, pleadings and other papers or documents necessary to commence a case on behalf of the UFI Companies under chapter 11 of the Bankruptcy Code (the "Case"), and to take any and all further acts and deeds that he, she

or the Boards deems necessary, proper and desirable in connection with the Case, with a view to the successful prosecution of the Case;

FURTHER RESOLVED, that each of the Authorized Officers be, and hereby is, authorized and directed to employ the law firm of Winston & Strawn LLP as general bankruptcy counsel to represent and assist the UFI Companies in carrying out the UFI Companies' duties under the Bankruptcy Code, and to take any and all actions to advance the UFI Companies' rights and obligations in connection with the Case; and in connection therewith, each of the Authorized Officers is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Case, and cause to be filed an appropriate application for authority to retain the services of Winston & Strawn LLP;

FURTHER RESOLVED, that each of the Authorized Officers be, and hereby is, authorized and directed to employ the law firm of Young Conaway Stargatt & Taylor, LLP as local bankruptcy and conflicts counsel to represent and assist the UFI Companies in carrying out the UFI Companies' duties under the Bankruptcy Code, and to take any and all actions to advance the UFI Companies' rights and obligations in connection with the Case; and in connection therewith, each of the Authorized Officers is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Case, and cause to be filed an appropriate application for authority to retain the services of Young Conaway Stargatt & Taylor, LLP;

FURTHER RESOLVED, that each of the Authorized Officers be, and hereby is, authorized and directed to employ the firm of Lake Pointe Advisors, LLC as financial advisor to represent and assist the UFI Companies in carrying out the UFI Companies' duties under the Bankruptcy Code, and to take any and all actions to advance the UFI Companies' rights and obligations in connection with the Case; and in connection therewith, each of the Authorized Officers is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Case, and cause to be filed an appropriate application for authority to retain the services of Lake Pointe Advisors, LLC;

FURTHER RESOLVED, that each of the Authorized Officers be, and they hereby is, authorized and directed to employ the firm of Kurtzman Carson Consultants LLC as noticing, claims and balloting agent to represent and assist the UFI Companies in carrying out the UFI Companies' duties under the Bankruptcy Code, and to take any and all actions to advance the UFI Companies' rights and obligations in connection with the Case; and in connection therewith, each of the Authorized Officers is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Case, and cause to be filed an appropriate application for authority to retain the services of Kurtzman Carson Consultants LLC;

FURTHER RESOLVED, that each of the Authorized Officers be, and hereby is, authorized and directed to employ any other professionals, including, without

limitation, Huron Consulting Services LLC, to assist the UFI Companies in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the UFI Companies' rights and obligations in connection with the Case; and in connection therewith, each of the Authorized Officers is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to or immediately upon the filing of the Case, and cause to be filed an appropriate application for authority to retain the services of any such other professionals;

GENERAL AUTHORIZATION

FURTHER RESOLVED, that the Stockholders hereby authorize, empower and direct each of the Authorized Officers, on behalf of the UFI Companies and in their names, to execute and deliver, or cause to be executed and delivered, any and all agreements, amendments, supplements, certificates, reports, applications, notices, letters or other documents, as the Authorized Officers, with the advice of counsel, may approve, and to do or cause to be done any and all such other acts and things as, in the opinion of the Authorized Officers, may be necessary, appropriate or desirable in order to enable the UFI Companies fully and promptly to carry out the purposes and intent of the foregoing resolutions and any such action taken or any agreement, amendment, certificate, report, application, notice, filing, letter or other document executed and delivered by them or any of them in connection with any such action shall be conclusive evidence of their or his authority to take, execute and deliver the same;

FURTHER RESOLVED, that the Stockholders hereby authorize, empower and direct each of the Authorized Officers, on behalf of the UFI Companies and in their names, and under their seals or otherwise, to take all such further actions and to do all such things, including, without limitation, paying all such fees and expenses, and arranging for, entering into, executing and delivering all further agreements, instruments, documents, certificates, modifications, amendments, and supplements relating to the foregoing resolutions or the obligations contemplated thereunder, which shall in such officer's sole judgment be necessary, proper or advisable in order to carry out fully these resolutions;

FURTHER RESOLVED, that all actions heretofore taken by each of the Authorized Officers or any representatives or agents of the UFI Companies or any of their affiliates in connection with the foregoing resolutions be, and are hereby ratified, confirmed and approved in all respects as the acts and deeds of the UFI Companies;

FURTHER RESOLVED, that the Stockholders hereby authorize, empower and direct each of the Authorized Officers, on behalf of the UFI Companies and in their name, to take such actions as they deem necessary or desirable in order to make the foregoing resolutions fully effective; and

FURTHER RESOLVED, that all the acts of the Authorized Officers as set forth above, which acts would have been authorized by the foregoing resolutions except that such acts were taken prior to the adoption of such resolutions, are hereby severally ratified, confirmed and approved.

[signature page follows]

**IN WITNESS WHEREOF**, the undersigned, being all of the stockholders of each of the UFI Companies, have executed this Joint Written Consent, it being confirmed by each stockholder that this Joint Written Consent may be executed in counterparts, all of which taken together shall constitute a single instrument, and may be delivered to the UFI Companies by facsimile or electronic transmission, with such facsimile to be considered final and effective.

**MAJORITY STOCKHOLDERS OF**
**UFC INTERLAKE HOLDING CO.:**

WYNNCHURCH CAPITAL PARTNERS, L.P.

By: Wynnchurch Partners, L.P., its
    General Partner
    By: Wynnchurch Management, Inc.,
       its General Partner

       By: _____
          Name:
          Title:

WYNNCHURCH CAPITAL PARTNERS
CANADA, L.P.

By: Wynnchurch Partners Canada, L.P.,
    its General Partner
    By: Wynnchurch GP Canada, Inc.,
       its General Partner

       By: _____
          Name:
          Title:

CSG FUND INVESTMENTS AND
PROGRAMS III, L.P.

By: DLJ Fund Partners, L.P., its
    General Partner
    By: DLJMB Fund, Inc., its General
       Partner

       By: _____
          Name:
          Title:

MERS INVESTMENT PARTNERSHIP, L.P.

By: DLJ Fund Partners, L.P., its
General Partner
By: DLJMB Fund, Inc., its General
Partner

By: _____
Name:
Title:

CFIG CO-INVESTORS, L.P.

By: DLJ LBO PLANS MANAGEMENT
CORPORATION, its managing
General Partner

By: _____
Name:
Title:

**STOCKHOLDERS OF UNITED FIXTURES COMPANY, INC. AND INTERLAKE MATERIAL HANDLING, INC.:**

UFC INTERLAKE HOLDING CO.

By: _____
Name:
Title:

**STOCKHOLDER OF CONCO-TELLUS INC.:**

INTERLAKE MATERIALS HANDLING, INC.

By: _____
Name:
Title:

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Interlake Material Handling, Inc., *et al.*,[1] | ) | Case No. 09-_____ (____) |
| | ) | |
| Debtors. | ) | Joint Administration Requested |

## CONSOLIDATED LIST OF CREDITORS HOLDING
## LARGEST 30 UNSECURED CLAIMS

   The above-captioned debtors and debtors in possession (each a "<u>Debtor</u>" and collectively, the "<u>Debtors</u>") filed a voluntary petition in this Court for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 <u>et seq</u>. (the "<u>Bankruptcy Code</u>"). This list of creditors holding the thirty (30) largest unsecured claims (the "<u>Top 30 List</u>") has been prepared, on a consolidated basis, from the Debtors' books and records as of January 5, 2009.

   The Top 30 List was prepared in accordance with Rule 1007(d) of the Federal Rules of Bankruptcy Procedure for filing in the Debtors' chapter 11 cases. The Top 30 List does not include: (1) persons who come within the definition of an "insider" set forth in section 101(31) of the Bankruptcy Code; or (2) secured creditors, unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the thirty (30) largest unsecured claims.

   The information presented in the Top 30 List shall not constitute an admission by, nor is it binding on, the Debtors. The information presented herein, including, without limitation (a) the failure of the Debtors to list any claim as contingent, unliquidated, disputed or subject to a setoff or (b) the listing of any claim as unsecured, does not constitute an admission by the Debtors that the secured lenders listed hold any deficiency claims, nor does it constitute a waiver of the Debtors' rights to contest the validity, priority, nature, characterization and/or amount of any claim.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Interlake Material Handling, Inc. (9435); United Fixtures Company, Inc. (2048); UFC Interlake Holding Co. (9905), and Conco-Tellus, Inc. (9950). The address for all of the Debtors is 1230 E. Diehl Road, Suite 400, Naperville, Illinois 60563, except for United Fixtures Company, Inc., whose address is 4300 Quality Drive, South Bend, Indiana 46628.

| | Name of creditor | Telephone number and complete mailing address, including zip code, of employee, agent or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated disputed, or subject to setoff[2] | Amount of claim (if secured also state value of security) |
|---|---|---|---|---|---|
| 1. | HEIDTMAN STEEL PRODUCTS, INC. | 2401 Front Street Toledo, OH 43605 Facsimile: 419-698-1150 | Trade | | $7,783,824.93 |
| 2. | STEEL TECHNOLOGIES, INC. | 15415 Shelbyville Road Louisville, KY 40253 Facsimile: 502-244-0182 | Trade | | $1,778,190.10 |
| 3. | CUSTOM STEEL PROCESSING | 1001 College St Madison, IL62060 Facsimile: 618-876-7243 | Trade | | $1,610,343.17 |
| 4. | PERFORMANCE STEEL | 2500 E Imperial Hwy # 201 Brea, CA 92821 Facsimile: 714-528-2919 | Trade | | $1,236,122.67 |
| 5. | PHOENIX STAMPING | 6100 Emmanuel Dr., SW Atlanta, GA 30336 Facsimile: 404-699-2902 | Trade | | $746,285.18 |
| 6. | ALRO STEEL CORPORATION | 3100 E. High St. Jackson, MI 49204 Facsimile: 517-787-6390 | Trade | | $548,689.74 |
| 7. | WELDED PRODUCTS | 1030 NORTH MERRIFIELD Mishawaka, IN 46545 Facsimile: 574-256-1885 | Trade | | $542,624.43 |
| 8. | FERALLOY CORPORATION | 8755 W. Higgins Road Suite 970 Chicago, IL 60631 Facsimile: 773-380-1535 | Trade | | $541,480.45 |
| 9. | VALSPAR CORP | 1101 Third Street South Minneapolis, MN 55415 Facsimile: 612-375-7723 | Trade | | $512,828.26 |

---

[2] As noted above, the Debtors reserve their rights to dispute the claims on this schedule on any basis.

DB02:7694810.1

067999.1001

| | Name of creditor | Telephone number and complete mailing address, including zip code, of employee, agent or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated disputed, or subject to setoff | Amount of claim (if secured also state value of security) |
|---|---|---|---|---|---|
| 10. | FIELD FASTENER SUPPLY, INC. | 740 N. Edgewood Avenue Wood Dale, IL 60191<br><br>Facsimile: 630-350-0743 | Trade | | $441,697.55 |
| 11. | ATLAS MATERIAL HANDLING, INC. | 5050 N. River Rd. Schiller Park, IL 60176<br><br>Facsimile: 847-678-1750 | Trade | | $440,008.77 |
| 12. | WAL-MART LOGISTICS | 702 SW 8th Street Bentonville, AK 72716<br><br>Facsimile: 479-277-2532 | Trade | | $427,912.55 |
| 13. | DACS | 900 Port Centre Parkway Portsmouth, VA 23704<br><br>Facsimile: 757-393-9461 | Trade | | $420,940.91 |
| 14. | PATRIOT INSTALLATIONS, INC. | 4699 N. Federal Hwy. Suite 101G Pompano Beach, FL 33064<br><br>Facsimile: 954-788-5485 | Trade | | $405,000.00 |
| 15. | GREAT WESTERN STEEL, INC. | 2310 West 58th Street Chicago, IL 60636<br><br>Facsimile: 773-434-3033 | Trade | | $380,653.50 |
| 16. | KELCO METALS, INC. | 1015 E. State Parkway Schaumberg, IL 60173<br><br>Facsimile: 901-737-9766 | Trade | | $373,847.31 |
| 17. | UP-RITE SYSTEMS, INC. | 282 Glenwood Drive Bardstown, KY 40004<br><br>Facsimile: 502-349-1532 | Trade | | $359,266.75 |
| 18. | CED, INC. | 1720 Fortune Court Lexington, KY 40509<br><br>Facsimile: 859-299-8058 | Trade | | $307,619.58 |
| 19. | LEXINGTON STEEL CORP | 5443 W. 70th Place Bedford Park, IL 60638<br><br>Facsimile: 708-594-5233 | Trade | | $306,638.84 |

DB02:7694810.1
067999.1001

| | Name of creditor | Telephone number and complete mailing address, including zip code, of employee, agent or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated disputed, or subject to setoff[2] | Amount of claim (if secured also state value of security) |
|---|---|---|---|---|---|
| 20. | NUCOR STEEL - DARLINGTON | 300 Steel Mill Road Darlington, SC 29540 <br><br> Facsimile: 843-395-8741 | Trade | | $268,647.86 |
| 21. | TRI "R" ERECTING | 21287 Foster Road Spring, TX 77388 <br><br> Facsimile: 281-353-7877 | Trade | | $188,963.25 |
| 22. | WESTERN PACIFIC STORAGE SYS. | 793 Lemons Mill Rd Georgetown, KY 40324 <br><br> Facsimile: 800-588-6773 | Trade | | $180,747.42 |
| 23. | TRI-AD METALS INTERNATIONAL | 1951 BESSEMER ROAD Petersburg, VA 23805 <br><br> Facsimile: 804-732-5712 | Trade | | $166,672.06 |
| 24. | ARIZONA GALVANIZING INC | 15775 W Elwood St Goodyear, VA 85338 <br><br> Facsimile: 623-925-1876 | Trade | | $164,859.48 |
| 25. | DOUBLE-M-MACHINE INC. | 614 W Pine Fairbury, IL 61739 <br><br> Facsimile: 815-692-4880 | Trade | | $158,323.66 |
| 26. | INTELLIGRATED PRODUCTS, LLC | 475 E. High St. London, OH 43140 <br><br> Facsimile: 513-701-7320 | Trade | | $153,210.00 |
| 27. | PATRIOT CONSTRUCTION CORP | 4699 N. Federal Hwy. Suite 101G Pompano Beach, FL 33064 <br><br> Facsimile: 954-788-5485 | Trade | | $147,724.71 |
| 28. | AWP INDUSTRIES, INC. | 616 Industrial Road Frankfort, KY 40601 <br><br> Facsimile: 502-695-0777 | Trade | | $140,078.16 |
| 29. | PREMIER PACKAGING | 3900 Produce Road Louisville, KY 40218 <br><br> Facsimile: 866-935-3354 | Trade | | $137,044.45 |

DB02:7694810.1

067999.1001

| | Name of creditor | Telephone number and complete mailing address, including zip code, of employee, agent or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated disputed, or subject to setoff[2] | Amount of claim (if secured also state value of security) |
|---|---|---|---|---|---|
| 30. | MIDWEST MOLDING SOLUTIONS, INC | 3001 Gill St Bloomington, IL 61704  Facsimile: 614-873-0973 | Trade | | $131,497.17 |

DB02:7694810.1                                                                                          067999.1001

## DECLARATION REGARDING THE CONSOLIDATED LIST OF CREATORS HOLDING THIRTY LARGEST UNSECURED CLAIMS AGAINST THE DEBTORS

I, Jacqueline M. Barry, am an authorized officer of each of the Debtors in these chapter 11 cases, and in such capacities am familiar with the financial affairs of each of the Debtors. I declare under penalty of perjury that I have read the foregoing amended list of the Debtors' 30 largest unsecured creditors (the "Top 30 List") and that the Top 30 List is true and correct to the best of my information and belief.

Date: January 5, 2009

*/s/ Jacqueline M. Barry*
Jacqueline M. Barry