# EXHIBIT 1

## BID PROCEDURES

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Interlake Material Handling, Inc., *et al.*,[1] | ) | Case No. 09-10019 (KJC) |
| | ) | |
| Debtors. | ) | Jointly Administered |

Set forth below are the bidding procedures (the "<u>Bid Procedures</u>") to be employed with respect to the Proposed Sale of the Acquired Assets and Interests contemplated by the Acquisition Agreement attached as Exhibit C to The Debtors' Motion For Orders (I)(A) Approving Bid Procedures For The Sale Of Substantially All The Debtors' assets, (B) Scheduling The Auction, (C) Authorizing Payment Of The Break-Up Fee And Expense Reimbursement, (D) Approving The Deposit Escrow Agreement (E) Scheduling The Sale Hearing, (E) Approving The Assumption And Assignment Procedures Related To The Sale And (F) Approving The Form Of The Sale Notice; And (II) (A) Authorizing The Sale Of Such Assets Free And Clear Of Liens, Claims, Encumbrances, And Other Interests; (B) Authorizing And Approving Purchase Agreement; (C) Approving The Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases Related Thereto; And (D) Granting Related Relief [Docket No. 27] (the "<u>Motion</u>").[2] The Debtors have moved for, and will seek, entry of an order by the Bankruptcy Court authorizing and approving the proposed Sale to a Qualifying Bidder (as defined below), which the Debtors determine to have made the highest or otherwise best offer for the Acquired Assets and Interests.

## **BID PROCEDURES**

I. <u>**THE BIDDING PROCESS**</u>

Set forth below is the general process to be employed by the Sellers with respect to the proposed Sale of the Acquired Assets and Interests:

A. Any person interested in making an offer to purchase the Purchased Assets shall comply with these procedures.

B. Only Qualifying Bids (as defined below) shall be considered by the Debtors.

C. If the Debtors do not receive another Qualifying Bid prior to the Bid Deadline (as defined below), then the Purchaser's offer to acquire the Acquired Assets and Interests under the Acquisition Agreement shall constitute the highest or otherwise best Qualifying Bid (the "<u>Successful Bid</u>").

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Interlake Material Handling, Inc. (9435); United Fixtures Company, Inc. (2048); UFC Interlake Holding Co. (9905), and Conco-Tellus, Inc. (9950). The address for all of the Debtors is 1230 E. Diehl Road, Suite 400, Naperville, Illinois 60563, except for United Fixtures Company, Inc., whose address is 4300 Quality Drive, South Bend, Indiana 46628.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

D. If the Debtors receive another Qualifying Bid prior to the Bid Deadline, then the Debtors shall select a Qualifying Bid as the Successful Bid after the Debtors have conducted an Auction (as defined below) and considered, among other things, the total consideration to be received by their estates as well as other financial and contractual terms relevant to the proposed Sale, including those factors affecting speed and certainty of consummating the proposed Sale.

E. Upon failure to consummate the proposed Sale because of a breach on the part of the Successful Bidder after an order entered at the Sale Hearing, the Debtors shall be permitted to select the next highest or otherwise best bid to be the Successful Bid and to consummate such transaction without further order of the Bankruptcy Court.

F. If the Successful Bidder (other than the Purchaser) fails to consummate the Sale, and such failure is the result of a breach by the Successful Bidder, such Successful Bidder's Good Faith Deposit shall be forfeited to the Sellers and, except to the extent provided in such bidders' marked agreement, the Sellers specifically reserve the right to seek all available damages from such person.

G. The Good Faith Deposits of all Qualified Bidders shall be retained by the Sellers and held in escrow in an interest bearing account and all Qualified Bids will remain open, notwithstanding Bankruptcy Court approval of a sale pursuant to the terms of a Successful Bid by a Qualified Bidder, until the earlier of (X) the closing of the sale of the Acquired Assets, and (Y) the date that is 90 days after submission of the Qualified Bid to the Sellers (or such later date specified in the Qualified Bid) (the "Return Date"). On the Return Date, the Sellers shall return the Good Faith Deposits of all Qualified Bidders, except the Successful Bidder, with the accrued interest.

II. **PARTICIPATION REQUIREMENTS**

A. Unless otherwise ordered by the Bankruptcy Court for cause shown, to participate in the sale process, each person (a "Potential Bidder") shall deliver to the Debtors:

1. an executed confidentiality agreement in form and substance satisfactory to the Debtors; and

2. current audited financial statements or other financial information of the Potential Bidder, or, if the Potential Bidder is an entity formed for the purpose of acquiring the Acquired Assets and Interests, current audited financial statements or other financial information of the equity holder(s) of the Potential Bidder, or such other form of financial disclosure acceptable to the Debtors, demonstrating such Potential Bidder's ability to close the proposed transaction and to provide adequate assurance of future performance to counterparties to any executory contracts and unexpired leases to be assumed and assigned.

B.  "Qualifying Bidder" is (i) the Purchaser and, if applicable, (ii) a Potential Bidder that delivers the documents described in subparagraphs A.1 and A.2 above and that the Debtors determine is reasonably likely (based on the availability of financing, experience and other considerations) to submit a bona fide offer and to be able to consummate the proposed Sale if selected as the Successful Bidder. Two or more Potential Bidders may be deemed a Qualifying Bidder if such Potential Bidders, considered in the aggregate, otherwise meet the foregoing criteria.

C.  The Debtors shall, in consultation with the Creditors' Committee, determine whether a Potential Bidder is a Qualifying Bidder and shall provide written notice of its determination to such Potential Bidder and to each then existing Qualifying Bidder.

## III.  DUE DILIGENCE

The Debtors may afford each Potential Bidder due diligence access to the Acquired Assets and/or Interests. The Sellers shall not be obligated to furnish any due diligence information after the Bid Deadline (as defined below).

## IV.  BID DEADLINE AND REQUIREMENTS

D.  "Qualifying Bid" is (i) the Purchaser's offer to acquire the Acquired Assets and Interests pursuant to the Acquisition Agreement and, if applicable, (ii) another Qualifying Bidder's offer to acquire the Acquired Assets and Interests if such offer was received prior to the Bid Deadline and included each of the following (collectively, a "Bid Package"):

1.  An executed copy of an asset purchase agreement (including schedules and exhibits, the "Qualifying Bidder Purchase Agreement") (i) marked to reflect changes to the Acquisition Agreement (ii) irrevocable until the earlier of thirty (30) days from the date of the Sale Hearing or two business days after a proposed Sale is consummated (iii) for the purchase of substantially all of the Acquired Assets and Interests, "as is, where is," in exchange for a cash purchase price that exceeds the Cash Purchase Price (as such term is defined in the Acquisition Agreement) by at least $1,350,000 (representing the Expense Reimbursement, Break-Up Fee plus a $500,000 increment, the "Minimum Cash Amount") and the assumption or otherwise equivalent value of at least the Assumed Liabilities (as such term is defined in the Acquisition Agreement). Executed copies of two or more asset purchase agreements may be deemed a Qualifying Bidder Purchase Agreement if, considered in the aggregate, such asset purchase agreements otherwise meet the foregoing criteria.

2.  A provision requiring payment of the Break-Up Fee and Expense Reimbursement directly to the Purchaser upon closing of the proposed Sale.

3

3. Financial and other information setting forth adequate assurance of future performance under Bankruptcy Code § 365 in a form requested by the Debtors to allow the Debtors to serve such information within one (1) business day after such receipt on counterparties to any executory contracts and unexpired leases being assigned in connection with the proposed transaction that have requested, in writing, such information.

4. A good faith cash deposit (the "Good Faith Deposit") in the form of a bank or certified check (or other form acceptable to the Debtors in their sole discretion) payable to such party as the Debtors may determine, which Good Faith Deposit shall be held in escrow. in an amount equal to at least 5% of the cash purchase price under the Qualifying Bidder Purchase Agreement.

5. A written statement that the bid is not conditioned on (i) obtaining financing or other financing contingencies or (ii) the outcome of unperformed due diligence by the bidder or any other due diligence contingencies.

E. A credit bid by the holder of a lien on certain Acquired Assets or Interests shall not be a Qualifying Bid unless such bid also includes provisions for the purchase of the remainder of the Acquired Assets or Interests.

F. In order to be considered, Bid Packages must be received on or before 4:00 p.m., prevailing eastern time, on March 2, 2009 (the "Bid Deadline") and, except as may be instructed otherwise with respect to the Good Faith Deposit, should be delivered to:

>Scott Lang
>City Capital Advisors
>444 North Michigan Avenue, Suite 3200
>Chicago, IL 60611
>Telephone: (312) 494-9808
>Facsimile: (312) 494-9885
>slang@city-cap.com

G. The Debtors, upon receipt of each Bid Package, shall distribute a copy of such Bid Package to counsel for the Committee and counsel to the Purchaser.

H. After the Bid Deadline, the Debtors shall determine which Qualifying Bid represents the then highest or otherwise best value to the Debtors (the "Initial Bid"). At least 24 hours prior to the Auction, the Debtors shall distribute copies of the Initial Bid to each Qualifying Bidder.

## V. AUCTION

If the Debtors receive a Qualifying Bid other than that of the Purchaser, the Debtors will conduct an Auction. The Auction shall take place at the offices of Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, Wilmington, Delaware 19801 on March 4, 2009 commencing at 10:00 AM prevailing eastern time. Subject to the "Reservation of Rights" set forth below, the Auction shall be governed by the following procedures:

A. Only a Qualifying Bidder who has submitted a Qualifying Bid (including the Purchaser) shall be eligible to participate at the Auction.

B. Each Qualifying Bidder shall be required to confirm that it has not engaged in any collusion with respect to the bidding or the proposed Sale.

C. The Auction shall begin with the Initial Bid (which, as a Qualifying Bid, will provide for at least the Minimum Cash Amount) and proceed in minimum additional increments of $500,000.

D. Each bid at the auction must meet each of the criteria of a Qualifying Bid, other than the requirement that it be received prior to the Bid Deadline.

E. The amount of the Expense Reimbursement and Break-Up Fee will be added to and deemed a part of any bid of the Purchaser.

F. All bids shall be placed on the record and each bidder shall be informed of the terms of the previous bid.

G. The Auction shall continue until there is only one offer that the Debtors determine is the Successful Bid. In determining which Qualifying Bid to select as the Successful Bid, the Debtors may consider, among other things, (i) the amount of the purchase price, (ii) the form of consideration being offered, (iii) the likelihood of the Qualifying Bidder's ability to close a transaction and the timing thereof and (iv) the net benefit to the Debtors' estates and their creditors. The Debtors shall present the Successful Bid to the Bankruptcy Court for approval at the Sale Hearing.

H. The Debtors, in their reasonable discretion, may adopt rules for the Auction at or prior to the Auction that, in their reasonable discretion, will better promote the goals of the Auction and that are not inconsistent with any of the provisions of the Bidding Procedures Order; provided, however, that the Debtors may not without the consent of the Purchaser modify (i) the date set for the Auction, (ii) the definition of "Minimum Cash Amount", or the requirements with respect to the Initial Bid in Section V. C; (iii) Sections V. A. or V. E., or (iv) the last sentence of Section V. G. In the event that the Debtors adopt any such rules, they shall promptly communicate all such rules to all Qualified Bidders.

5

I.  Subject to the prior consent of the Purchaser, the Debtors, in their reasonable discretion, may adjourn without further notice the Auction (and Sale Hearing) if in their reasonable discretion, an adjournment will better promote the goals of the Auction.

## VI. SALE HEARING

The Sale Hearing shall take place in the courtroom of the Honorable Kevin J. Carey in the United States Bankruptcy Court for the District of Delaware, 824 N. Market Street, 5th Floor, Courtroom No. 5, Wilmington, Delaware 19801 on March ___, 2009 at __:__ __.m. prevailing eastern time. With the consent of the Successful Bidder, the Sale Hearing may be adjourned or rescheduled without notice by an announcement of the adjourned date at the Sale Hearing or otherwise. At such Sale Hearing, the Debtors shall present the Successful Bid to the Bankruptcy Court for approval.

## VII. RESERVATION OF RIGHTS

In addition to their rights set forth in section V.H., the Debtors may, with the consent of the Purchaser and after consultation with counsel to the Creditors' Committee, counsel to National City Business Credit, Inc.; and counsel to Roynat Business Capital, Inc., modify these Bid Procedures or impose, at or prior to the Auction, additional customary terms and conditions on the proposed Sale of the Acquired Assets and Interests if in their reasonable judgment such modifications would be in the best interest of the Debtors' estates and promote an open and fair sale process, so long as such modifications and/or additional terms are consistent with the provisions of the Acquisition Agreement and the Bid Procedures Order.