# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| INTERLAKE MATERIAL HANDLING, INC. *et al* | Case No. 09-10019-KJC |
| Debtor. | |

## APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER UNDER BANKRUPTCY CODE SECTIONS 328(a) AND 1103(a) AND BANKRUPTCY RULES 2014(a) AND 2016(b) APPROVING THE EMPLOYMENT AND RETENTION OF NACHMANHAYSBROWNSTEIN, INC. *NUNC PRO TUNC* TO JANUARY 16, 2009, AS FINANCIAL ADVISORS TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

The Official Committee of Unsecured Creditors of the estates of Interlake Material Handling, Inc. (the "Committee") in this Chapter 11 case hereby files this application (the "Application") for an Order, pursuant to sections 328, and 1103 of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure, authorizing the employment and retention of NachmanHaysBrownstein, Inc. (NHB) as Financial Advisors to the Committee *nunc pro tunc* to January 16, 2009 (the "Retention Date"). In support of the Application, the Committee relies upon the Affidavit of Edward T. Gavin, CTP (the "Gavin Affidavit") attached hereto as Exhibit A and incorporated by reference, and respectfully represents as follows:

## BACKGROUND

1. Interlake Material Handling, Inc. (the "Debtors") filed their voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") on January 5, 2009. Pursuant to Sections 1107 and 1108 of the Bankruptcy Code, the Debtors operate their businesses as Debtors-in-posession. No trustee or examiner has been appointed in these cases.

2. On January 15, 2009, the Office of the United States Trustee, pursuant to Section 1102 of the Bankruptcy Code, appointed the following members to the Committee: Heidtman Steel Products, Inc.; Steel Technologies, Inc.; Custom Steel Processing; Alro Steel Corporation & Coast to Coast Installers.

3. By this Application, the Committee seeks to employ and retain NHB as its financial advisor during these Chapter 11 cases effective as of January 16, 2009, the date the Committee selected NHB as its financial advisor and NHB began to work on behalf of the Committee.

## JURISDICTION

4. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this proceeding and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for this Application are 11 U.S.C. §§ 328 and 1103.

## RELIEF REQUESTED

5. The Committee desires to retain and employ NHB as its financial advisor in these Chapter 11 cases. By this Application, the Committee requests that the Court enter

{00746768;v2}

an order authorizing the Committee to retain and employ NHB, *nunc pro tunc* to the Retention Date. Accordingly, the Committee respectfully requests the entry of an order, pursuant to Section 1103 of the Bankruptcy Code, authorizing the employment and retention of NHB as its financial advisor to perform the advisory services that will be necessary during these Chapter 11 cases.

6. The Committee has selected NHB based on NHB's experience in providing financial advisory services in Chapter 11 cases and based on NHB's familiarity with the Debtors' businesses.

7. The Committee has been advised that: (i) NHB is one of the country's premier mid-market turnaround and crisis management firms and is well respected for its role as financial advisors; (ii) NHB has extensive experience working with financially troubled entities in complex financial reorganizations – both in Chapter 11 cases and in out-of-court restructuring situations and; (iii) in particular, NHB and its principals and associates have served, or are serving, as financial advisors to numerous official committees and debtors-in-possession in bankruptcy proceedings.

## SERVICES TO BE PROVIDED

8. The Committee seeks the employment of NHB to assist it in evaluating the Debtors' businesses during these Chapter 11 cases. The Committee seeks to retain NHB to provide financial advisory services including, but not limited to, the following:

a) Reviewing and analyzing the businesses, management, operations, properties, financial condition and prospects of the Debtors;

b) Reviewing and analyzing historical financial performance, and transactions between and among the Debtors, their creditors, affiliates and other entities;

{00746768;v2}

3

c) Reviewing the assumptions underlying the business plans and cash flow projections for the assets involved in any potential plan of reorganization;

d) Determining the reasonableness of the projected performance of the Debtors;

e) Monitoring, evaluating and reporting to the Committee with respect to the Debtors' near-term liquidity needs, material operational changes and related financial and operational issues;

f) Reviewing and analyzing all material contracts and/or agreements;

g) Assisting and procuring and assembling any necessary validations of asset values;

h) Providing ongoing assistance to the Committee and the Committee's legal counsel;

i) Evaluating the Debtors' capital structure and making recommendations to the Committee with respect to the Debtors' efforts to reorganize their business operations and confirm a plan;

j) Assisting the Committee in preparing documentation required in connection with creating, supporting or opposing a plan and participating in negotiations on behalf of the Committee with the Debtors or any groups affected by a plan;

k) Assisting the Committee in marketing the Debtors' assets with the intent of maximizing the value received for any such assets from any such sale; and,

l) Providing ongoing analysis of the Debtors' financial condition, business plans, capital spending budgets, operating forecasts, management and the prospects for their future performance.

{00746768;v2}

9. To the best of the Committee's knowledge, information and belief, except as set forth in the Gavin Affidavit filed concurrently herewith, NHB has no connection with, and holds no interest adverse to, the Debtors, their estates, their creditors, or any party in interest in these cases, nor to the best of the Committee's knowledge does NHB hold any interest adverse to the interests of the Committee or Debtors' creditors, except as set forth in the Gavin Affidavit.

10. Subject to the approval of this Court, NHB will charge the Committee for its advisory services on an hourly basis in accordance with its ordinary and customary rates, which are in effect on the date the services are rendered, subject to periodic adjustments. The Committee has been advised by NHB that the current hourly rates, which will be charged in respect of the primary members of the NHB engagement team for the Committee, are as follows:

| | |
|---|---|
| Edward T. Gavin, CTP | $450.00/hour |
| Michael W. Savage | $375.00/hour |

11. From time to time, other NHB Principals, advisors and associates may be involved in these cases as needed. Hourly rates for these principals, advisors and associates range from $250.00 to $525.00 per hour. Reasonable travel time will be charged at one-half of the applicable hourly rate unless actual work is performed during such travel time, in which case the full hourly rate will be charged.

12. In addition to hourly rates previously referred to and subject to the approval of this Court, the Debtors' estates shall also reimburse NHB for its travel and other reasonable out-of-pocket expenses, including but not limited to messenger, delivery charges, telephone, facsimile, photocopy and other similar charges, in connection with, or arising out of

{00746768;v2}

5

NHB's activities under this engagement, including but not limited to its due diligence investigation and review. NHB will charge the cost of these expenses in a manner and at rates consistent with charges generally made to the firm's other clients. All such charges for which NHB seeks payment are subject to Court approval and/or pursuant to any administrative procedures established by Order of the Court. NHB understands that any compensation for fees and expenses paid to it must be from the Debtors estate and must be approved by the Court upon application consistent with the findings of In re Busy Beaver Building Center, Inc., 19 F.3d 833 (3d Cir. 1994).

13. The Committee believes that the employment of NHB is necessary and in the best interests of the estate, enabling the Committee to carry out its fiduciary duties owed to creditors under the Bankruptcy Code.

WHEREFORE, the Committee respectfully requests that this Court enter an Order, in the form annexed hereto, (i) authorizing employment and retention of NHB *nunc pro tunc* to January 16, 2009 as financial advisor to the Committee, pursuant to sections 328 and 1103 of the Bankruptcy Code, as well as Rule 2014 of the Federal Rules of Bankruptcy Procedure, and (ii) for such other and further relief as the Court deems proper and just.

Respectfully submitted,

The Official Committee of Unsecured Creditors of the Estate of Interlake Material Handling, Inc. *et al*

Dated: January 23, 2009         By: _____

)