# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| Interlake Material Handling, Inc., *et al.*,[1] ) | Case No. 09-10019 (KJC) |
| ) | |
| Debtors. ) | Jointly Administered |
| ) | |
| ) | Ref. Docket No. 135 |

## ORDER ESTABLISHING PROCEDURES FOR THE SALE OR ABANDONMENT OF CERTAIN ASSETS OUTSIDE THE ORDINARY COURSE OF BUSINESS FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES

Upon consideration of the motion (the "Motion")[1] of the above-captioned debtors and debtors in possession (the "Debtors") for entry of an order, pursuant to sections 105, 363(b) and 554(a) of title 11 of the United States Code (11 U.S.C. §§ 101 *et seq.*, the "Bankruptcy Code") and Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); due and sufficient notice of the Motion having been given; it appearing that no other or further notice need be provided; it appearing that the relief requested by the Motion is in the best interests of the Debtors, their estates and creditors and other parties in interest; and after due deliberation and sufficient cause appearing therefore:

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Interlake Material Handling, Inc. (9435); United Fixtures Company, Inc. (2048); UFC Interlake Holding Co. (9905), and Conco-Tellus, Inc. (9950). The address for all of the Debtors is 1230 E. Diehl Road, Suite 400, Naperville, Illinois 60563, except for United Fixtures Company, Inc., whose address is 4300 Quality Drive, South Bend, Indiana 46628.

[1] Each capitalized term used but not defined herein shall have the meaning ascribed thereto in the Motion.

2. All objections to the relief requested in the Motion that have not been withdrawn, waived or settled as announced to the Court at the Hearing or by stipulation filed with the Court, are overruled except as otherwise set forth herein.

3. The Debtors are authorized to sell the Assets in accordance with the following procedures (the "Sale Procedures").

    a. If the Debtors agree to sell any one or more of the Assets to a purchaser who is not an insider (as that term is defined in the Bankruptcy Code) of the Debtors in exchange for consideration to be received by the Debtors in an amount that does not exceed $50,000, on a per-transaction basis, then the Debtors may sell such Assets without further order of the Court or notice to any party, other than the filing of a certification upon closing of the sale transaction or order of the Court.

    b. If the Debtors agree to sell any one or more of the Assets to a purchaser who (a) is not an insider (as that term is defined in the Bankruptcy Code) of the Debtors in exchange for consideration to be received by the Debtors in an amount that exceeds $50,000 but is less than $150,000, or (b) is an insider of the Debtors in exchange for consideration to be received by the Debtors in an amount that does not exceed $50,000 (each event under "a" or "b" of this sentence, a "Proposed Sale"), then the Debtors will file with the Court a notice of such Proposed Sale (a "Sale Notice") and serve the Sale Notice by overnight, facsimile, electronic mail, or hand delivery on: (i) the Office of the United States Trustee (the "U.S. Trustee"); (ii) all known parties holding or asserting liens, claims, encumbrances or other interests in the Assets which are the subject of the Proposed Sale and their respective counsel, if known; and (iii) counsel to the Committee (collectively, the "Notice Parties").

    c. The Sale Notice, to the extent that the Debtors have such information, will include: (i) a description of the Assets which are the subject of the Proposed Sale; (ii) the location of the Assets; (iii) the economic terms of the Proposed Sale; (iv) the identity of any non-Debtor party to the Proposed Sale; (v) a statement as to whether each of the non-Debtor parties to the Proposed Sale is an "affiliate" or "insider" of the Debtors (as those terms are defined in the Bankruptcy Code); and (vi) the identity of the party, if any, holding liens, claims, encumbrances or other interests in the Assets subject to the Proposed Sale.

    d. The Notice Parties will have five (5) business days after the Sale Notice is filed and served to object to a Proposed Sale and to file such objection with the United States Bankruptcy Court for the District of Delaware in the Debtors' chapter 11 cases and to serve such objection by overnight or hand delivery on the other Notice Parties and counsel to the Debtors (the "Sale Objection Deadline"). In the absence of an objection on or before the Sale Objection Deadline, the Debtors

may consummate the Proposed Sale without further notice or hearing and such Proposed Sale will be deemed fully authorized by the Court.

    e. If an objection to a Proposed Sale is timely filed and served by the Sale Objection Deadline, the Debtors will not proceed with the Proposed Sale unless: (i) the objection is withdrawn or otherwise resolved, or (ii) this Court overrules such objection at the next regularly scheduled omnibus hearing that is at least five (5) business days after service of the objection upon counsel to the Debtors, or at a hearing that is agreed to by the objecting party and the Debtors.

    f. The Debtors will transfer the Assets sold to buyers in accordance with these Sale Procedures on an "AS IS, WHERE IS" basis without any representations or warranties from the Debtors as to the quality or fitness of such assets for either their intended use or any other purposes; <u>provided, however,</u> that buyers will take title to the Assets free and clear of liens, claims, encumbrances and other interests pursuant to section 363(f) of the Bankruptcy Code, with all such liens, claims, encumbrances and other interests, if any, to attach to the proceeds received by the Debtors for the sale of the Assets.

4.    Pursuant to section 363(f) of the Bankruptcy Code, any sale of Assets pursuant to this Order will be free and clear of all liens, claims and encumbrances whatsoever with any such liens, claims and encumbrances to attach to the Debtors' proceeds of the sale.

5.    If the Debtors are unable to sell certain Assets, and determine in their business judgment that it is in the best interests of the Debtors, their estates and creditors to abandon such Assets, the Debtors shall be authorized, but not required, pursuant to section 554 of the Bankruptcy Code to abandon such Assets in accordance with the following procedures (the "<u>Abandonment Procedures</u>"):

    a. The Debtors shall provide written notice by overnight, facsimile, electronic mail or hand delivery to the Notice Parties, which notice shall include (i) a list of Assets being abandoned and (ii) a statement of the Debtors' attempts to sell the Assets being abandoned (each, an "<u>Abandonment Notice</u>").

    b. The Notice Parties will have five (5) business days after delivery of the Abandonment Notice to object to the abandonment proposed therein by filing an objection with the United States Bankruptcy Court for the District of Delaware in the Debtors' chapter 11 cases and serving such objection by overnight or hand delivery on the other Notice Parties and counsel to the Debtors (the "<u>Abandonment Objection Deadline</u>").

3

   c. In the absence of an objection on or before the Abandonment Objection Deadline, the Debtors may abandon the Assets identified in the Abandonment Notice without further notice or hearing and such abandonment will be deemed fully authorized by the Court. If a Notice Party files and serves an objection to an Abandonment Notice prior to the Abandonment Objection Deadline, then the Debtors will not proceed with the abandonment proposed therein unless (i) the objection is withdrawn or otherwise resolved or (ii) this Court overrules such objection, either at the next regularly scheduled omnibus hearing that is at least five (5) business days after service of the objection upon counsel to the Debtors, or at a hearing that is agreed to by the objecting party and the Debtors;

 6. This Court shall retain jurisdiction over interpretation and implementation of this Order.

Dated: Wilmington, Delaware
   March 5, 2009

                    KEVIN J. CAREY
                    UNITED STATES BANKRUPTCY JUDGE