**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Interlake Material Handling, Inc., *et al.*,[1] | ) | Case No. 09-10019 (KJC) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | **Ref. Docket No. 481** |

**ORDER (A) APPROVING BID PROCEDURES FOR THE SALE OF A PORTION OF DEBTOR J&D'S ASSETS , (B) SCHEDULING THE AUCTION, (C) AUTHORIZING PAYMENT OF THE BREAK-UP FEE, (D) APPROVING THE DEPOSIT (E) SCHEDULING THE SALE HEARING, (F) APPROVING THE ASSUMPTION AND ASSIGNMENT PROCEDURES RELATED TO THE SALE AND (G) APPROVING THE FORM OF THE SALE NOTICE**

Upon the Debtors' *Motion for Orders (I)(A) Approving Bid Procedures for the Sale of a Portion of J&D's Assets, (B) Scheduling the Auction, (C) Authorizing Payment of the Break-Up Fee, (D) Approving the Deposit (E) Scheduling the Sale Hearing, (F) Approving the Assumption and Assignment Procedures Related to the Sale, and (G) Approving the Form of the Sale Notice; and (II) (A) Authorizing the Sale of Such Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (B) Authorizing and Approving Purchase Agreement; (C) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (D) Granting Related Relief* [Docket No. 481] (the "Motion")[2]; notice of the Motion being proper and sufficient and all interested parties having been afforded an opportunity to be heard with respect to the Motion; and upon review and consideration of (i) the Motion, (ii) objections thereto, if any, (iii) arguments of counsel and evidence proffered or adduced at the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Interlake Material Handling, Inc. (9435); United Fixtures Company, Inc. (2048); UFC Interlake Holding Co. (9905); Conco-Tellus, Inc. (9950); and J&D Company LLC (6376). The address for all of the Debtors is 1230 E. Diehl Road; Suite 400, Naperville, Illinois 60563, except for United Fixtures Company, Inc., whose address is 4300 Quality Drive, South Bend, Indiana 46628 and J&D Company LLC, whose address is 600 Hunter Lane, Middletown, PA 17057.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

hearing on the Motion, if any (the "Hearing"); and (iv) the docket and proceedings in the above-captioned cases (the "Chapter 11 Cases"); and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, and other parties in interest:

THE COURT FINDS THAT:[3]

A. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of these Chapter 11 Cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

B. The statutory predicates for the relief sought in the Motion are Bankruptcy Code §§ 105, 363, 364, 365, 503 and 506, and Bankruptcy Rules 2002, 6004, 6006, 9007 and 9014. Consummation of the transactions contemplated by this Order and the Acquisition Agreement attached as Exhibit C to the Motion (the "Sale") are legal, valid and properly authorized under the foregoing statutory predicates and all applicable requirements of such provisions have been complied with in respect of the Sale.

C. Notice of the Motion and Hearing and Auction having been given to the following parties is sufficient in light of the circumstances and the nature of the relief requested in the Motion and no further notice need be provided: (i) the United States Trustee; (ii) counsel to National City Business Credit, Inc.; (iii) counsel to Roynat Business Capital, Inc.; (iv) counsel to the Purchaser; (v) all parties known or reasonably believed to have asserted a Lien on any of the RSS Purchased Assets; (vi) the counterparties to each of the RSS Assigned Contracts; (vii) all persons or entities known or reasonably believed to have expressed an interest in acquiring the RSS Purchased Assets; (viii) all taxing authorities having jurisdiction over any of the RSS

---

[3] Regardless of the heading under which they appear, any (1) findings of fact that constitute conclusions of law shall be conclusions of law and (2) conclusions of law that constitute findings of fact shall be findings of fact. All findings of fact and conclusions of law announced by the Court at the Hearing in relation to the Motion are incorporated herein to the extent not inconsistent herewith.

Purchased Assets or the ownership or operation of any of the RSS Purchased Assets by the Debtors; (ix) the Attorneys General in the States where the RSS Purchased Assets are located; (x) the United States Environmental Protection Agency and comparable State agencies where the RSS Purchased Assets are located; (xi) J&D's thirty largest creditors; (xii) counsel to the Committee; and (xiii) all parties that have requested personal notice pursuant to Bankruptcy Rule 2002 (the "Notice Parties").

D.   The Break-Up Fee is: (1) an actual and necessary cost and expenses of preserving the Debtors' estates within the meaning of sections 503(b) and 507(a)(2) of the Bankruptcy Code; (2) reasonable and appropriate in light of (a) the substantial benefit conferred upon the Debtors' estates by the Purchaser, (b) the size and nature of the Sale and (c) the efforts that have and will be expended by the Purchaser in pursuit of the Sale; and (3) necessary to induce the Purchaser to pursue the Sale.

E.   The Break-Up Fee is fair, reasonable and appropriate and represent the best method for maximizing the value to the estate of J&D. The Bid Protections induced the Purchaser to enter into the Acquisition Agreement and submit to the Bid Procedures and Auction pursuant to which the Sale will serve as a minimum floor bid for the RSS Purchased Assets on which the Debtors, their creditors and other bidders may rely. The Purchaser has thus provided a material benefit to the Debtors and their creditors by increasing the likelihood that the best possible price for the RSS Purchased Assets will be received.

F.   The Sale Notice is reasonably calculated to provide all interested parties with timely and proper notice of the Sale, Sale Hearing and Auction.

G.   The notice to counterparties of RSS Assigned Contracts provided in accordance with the Assumption & Assignment Procedures is reasonably calculated to provide all

counterparties to the RSS Assigned Contracts with proper notice of the potential assumption and assignment of their executory contract or unexpired lease and any Cure Amounts associated therewith.

H.  The Debtors do not have a policy prohibiting the transfer of personally identifiable information about individuals to persons that are not affiliated with the Debtors.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.  The Motion is approved.

2.  All objections to the relief requested in the Motion that have not been withdrawn, waived or settled as announced to the Court at the Hearing or by stipulation filed with the Court, are overruled on their merits except as otherwise set forth herein.

3.  The Bid Procedures, in the form attached hereto as Exhibit 1, are approved and the Debtors are authorized to take any and all actions necessary and/or appropriate to implement the Bid Procedures, which shall govern the Sale in all respects, including specifically the provisions set forth in the Acquisition Agreement concerning the Deposit by the Purchaser, which are approved and which includes, without limitation, the exclusive remedy provisions set forth in Section 3.1 of the Acquisition Agreement.

4.  As provided in the Bid Procedures, if and only if a Qualifying Bid is timely received for the RSS Purchased Assets in accordance with the Bid Procedures, the Debtors shall conduct an Auction at the offices of Young Conaway Stargatt & Taylor, LLP, The Brandywine Building, 1000 West Street, Wilmington, Delaware 19801 on June 23, 2009 at 10:00 a.m., prevailing eastern time.

5. The Bid Protections are approved and the Debtors are authorized and instructed, without further action or order of this Court, to pay the Break-Up Fee in accordance with the Bid Procedures, as applicable.

6. The Assumption & Assignment Procedures, substantially in the form attached hereto as Exhibit 2, are approved and the Debtors are authorized to take any and all actions necessary and/or appropriate to implement the Assumption & Assignment Procedures.

7. The Sale Notice, substantially in the form attached hereto as Exhibit 3, is approved and shall be served upon Notice Parties within one (1) business day after entry of this Order.

8. At least twenty (20) days prior to the Auction, the Debtors shall publish notice of the Sale, the time and place of the proposed Auction, and time and place of the Hearing in such publication or publications as the Debtors determine will promote the marketing and sale of the RSS Purchased Assets.

9. Each Qualifying Bidder participating at the Auction shall confirm that it has not engaged in any collusion with respect to the bidding or the sale.

10. All creditors will be permitted to attend the Auction, which shall be videotaped or transcribed and be conducted openly.

11. The Sale Hearing shall be conducted on June 24, 2009 at 11:00 a.m., prevailing eastern time. The Debtors shall seek entry of an order at the Sale Hearing approving and authorizing the sale of the RSS Purchased Assets to the Purchaser or the highest and best offer at the Auction, as applicable, on terms and conditions substantially consistent with the Acquisition Agreement, as amended or modified. The Sale Hearing may be adjourned or rescheduled without notice other than by announcement of the adjourned date at the Sale Hearing.

12. Objections to the relief requested in the Motion must be: (i) in writing and filed on the docket in the Chapter 11 Cases; (ii) comply with the Bankruptcy Rules and Local Bankruptcy Rules; and (iii) be served upon the Debtors and Notice Parties such as to be received on or before 4:00 p.m., prevailing eastern time, on June 18, 2009. Nothing in this order shall waive or otherwise impart any party's right to object to the proposed sale, all of which rights are expressly preserved.

13. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

14. Although the Debtors do not believe any consumer credit transactions are involved in the Sale, notwithstanding section 363(f) of the Bankruptcy Code, if any party purchases any interest in a consumer credit transaction that is subject to the Truth in Lending Act or any interest in a consumer credit contract (as defined in section 433.1 of title 16 of the Code of Federal Regulations (January 1, 2004), as amended from time to time), and if such interest is purchased through a sale by the Debtors under section 363 of the Bankruptcy Code, then such person shall remain subject to all claims and defenses that are related to such consumer credit transaction or such consumer credit contract, to the same extent as such person would be subject to such claims and defenses of the consumer had such interest been purchased at a sale not under section 363.

15. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

16. To the extent that this Order is inconsistent with any prior order or pleading with respect to the Motion in these Chapter 11 Cases, the terms of this Order shall govern.

17. This Court shall retain jurisdiction to resolve any dispute relating to the interpretation of the terms and conditions of the Bid Procedures and this Order. To the extent any provisions of this Order shall be inconsistent with the Motion, the terms of this Order shall control.

DATE: May 21, 2009

_____
KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE